UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LEE T. HO,                                                 Civil No. 13-2851 (PJS/SER)

        Petitioner,

        v.                                                **REPORT AND
RECOMMENDATION**

FEDERAL BUREAU OF PRISONS,
RICHARD JONES, Food Supervisor,
FEDERAL MEDICAL CENTER,
ROCHESTER, MN,

        Respondent.

Petitioner, a federal prisoner, filed an application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the case be summarily dismissed without prejudice.

Petitioner's habeas corpus petition presented claims pertaining to his incarceration by the federal Bureau of Prisons. Previously, the Court reviewed the petition and determined that Petitioner was not challenging the fact or duration of his confinement, but rather, he was challenging only the **conditions** of his confinement. Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, Petitioner was informed that if he intended to continue to pursue his claims, he would have to file a new pleading styled as a non-habeas civil complaint. (Order dated October 30, 2013, [Docket No. 4].)

Petitioner was also informed that his pending application to proceed *in forma pauperis*, ("IFP"), (Docket No. 2), could not be granted unless he paid an initial partial filing fee, as required by 28 U.S.C. § 1915(b)(1). The Court determined that Petitioner's initial partial filing fee under the formula prescribed by § 1915(b)(1) is $26.44. Petitioner was clearly informed that if he elected to

replead, (i.e., file a non-habeas civil complaint), he would have to remit his initial partial filing fee with his new pleading.

The Court's initial order in this case, (Docket No. 4), expressly stated that Petitioner would have to file a civil complaint, **and** pay his initial partial filing fee, by no later than November 15, 2013.  The order also cautioned Petitioner that if he did not satisfy **both** of those requirements in a timely manner, he would be deemed to have abandoned this action, and it would be recommended that the case be summarily dismissed (without prejudice) pursuant to Fed. R. Civ. P. 41(b).

On November 18, 2013, Petitioner did file a new pleading – a non-habeas civil complaint. (Docket No. 5.)  Petitioner, however, did **not** tender his initial partial filing fee with his complaint, as this Court's initial order in this case required.  The Court afforded Petitioner an extended period of time to pay his initial partial filing fee, but the fee remained unpaid three months after the deadline the Court's order established.  The Court then entered a second order that pointed out Petitioner's failure to pay the initial partial filing fee, and gave him another month – until March 12, 2014 – to pay the required fee.  That second order reiterated that if Petitioner did not pay his initial partial filing fee in a timely manner, this case would be subject to summary dismissal pursuant to Rule 41(b).  (Order dated February 12, 2014, [Docket No. 8].)

The original deadline for paying the initial partial filing fee expired nearly six months ago, and the extended deadline for paying the fee expired nearly two months ago.  To date, however, Petitioner still has not complied with the Court's order to pay the partial filing fee, nor has he offered any excuse for his failure to do so.  Indeed, Plaintiff has not communicated with the Court at all since he filed his civil complaint in November 2013 – almost six months ago.  Therefore, it is now recommended, in accordance with the two prior orders in this case, that Petitioner be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice

pursuant to Fed. R. Civ. P. 41(b).  *See Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496,

497 (8th Cir. 2008) (unpublished opinion) ("district court has discretion to dismiss an action under

Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil

Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)

(recognizing federal court's inherent authority to "manage [its] own affairs so as to achieve the

orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

1.  Petitioner's application for leave to proceed *in forma pauperis*, (Docket No. 2), be

**DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 14, 2014

 S/Steven E. Rau
 STEVE E. RAU
 United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 29, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.